IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDRE RAMON JACOB,

    Plaintiff,

v.

KATE BROWN; DENNIS M. RICHARDSON; ERIC J. BLOCH; RODNEY D. UNDERHILL; and NAN G. WALLER,

    Defendants.

Case No. 3:18-cv-00664-YY

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Oregon State Correctional Institution, brings this civil action *pro se*. Pursuant to an Order entered this date, the Court granted Plaintiff granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Court DISMISSES Plaintiff's Complaint.

## BACKGROUND

Plaintiff names as Defendants the Oregon Governor and Secretary of State, the Multnomah County District Attorney, and two Multnomah County Circuit Court Judges. Plaintiff filed two separate "Complaints," the first entitled "Complaint for Breach of Fiduciary Duty Suit in Equity

1 - ORDER TO DISMISS -

Relief in the Common Law Without Prejudice," and the second entitled "Complaint for Declaratory Relief from the Production of All Supported & Executed Mercantile Civil & Commercial Law Activities Unlawfully Held in Case No. 02-02-31253 At the Mult. Co. Cir. Ct." Attached to the two "Complaints" are some 250 pages of exhibits.

Plaintiff's filings are largely incomprehensible. It is apparent, however, that the gravamen of his action is a challenge to his continued incarceration for a criminal conviction which resulted in a 30-year gun-minimum sentence. Plaintiff appears to allege that District Attorney Underhill and Circuit Court Judges Bloch and Waller violated International Law, the United States Constitution, and the Uniform Commercial Code (which Plaintiff describes as the "Supreme Law of the Planet") in connection with Plaintiff's criminal prosecution. As to Governor Brown and Secretary of State Richardson, Plaintiff appears to challenge their denial of his request for clemency. By way of remedy, Plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

2 - ORDER TO DISMISS -

U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

When a plaintiff is proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Plaintiff's Complaints are patently frivolous, and fail to state any claim upon which relief may be granted. Courts have repeatedly rejected "sovereign citizen" and "redemptionist" arguments such as those made by Plaintiff as "utterly frivolous." *See Harris v. Colombo*, Case No. 1:17-cv-242, 2017 WL 1206262, at *2 (W.D. Mich. Apr. 3, 2017) (collecting cases). Moreover, the prosecutor and state judges are entitled to absolute judicial and prosecutorial immunity from Plaintiff's claim for damages. *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("[i]t is well settled that judges are generally immune from civil liability under section 1983"); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutors are immune from liability based on their decision to initiate a prosecution). Finally, at base level, an award of damages on Plaintiff's claims would necessarily imply the invalidity of Plaintiff's convictions, and such a claim "must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff has not demonstrated such. Accordingly, Plaintiff's Complaint must be dismissed.

## CONCLUSION

For these reasons, the Court DISMISSES Plaintiff's Complaint for failure to state a claim and as patently frivolous. Because the deficiencies of the Complaint cannot be cured by amendment, the dismissal is WITH PREJUDICE. The Court DENIES Plaintiff's Motions to Compel (ECF Nos. 2, 3, and 6), Motion for Default Judgment (ECF No. 12), Motion for Summary Judgment (ECF No. 13), Motion for Leave to Serve Additional Interrogatories (ECF No. 15), and Motion to Order U.S. Marshal to Deliver Complaint and Summons of Service on all Defendants (ECF No. 16), and FINDS MOOT Plaintiff's Motion to Dismiss Both Prematurely Filed Motions for Summary Judgment and Motion for Default Judgment (ECF No. 14).

The Court further finds that an appeal of this action would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

DATED this 6 day of ~~July~~ August, 2018.

Michael H. Simon
United States District Judge

4 - ORDER TO DISMISS -